## WHITE SEWING MACHINE CO v SEMMLER

Ohio Appeals, 6th Dist, Lucas Co

No 2690. Decided Dec 5, 1932

Fraser, Hiett, Wall & Effler, Toledo, for plaintiff in error.

Ritter & Brumback, Toledo, and George E. Taylor, Toledo, for defendant in error.

RICHARDS, J.

The facts in the case are substantially similar to those found to exist in **White Sewing Machine Co. v Feisel, 28 Oh Ap, 152,** except for the lapse of time in the case at bar of nearly four years after the purchase of the machine. The attachments and plugs used in the Feisel case and in this

488

case were identical in manufacture, and the jury was justified in finding that the plug used was inherently dangerous and defective, and thus resulted in the injury, and that it was not caused by wear and tear of the attachments and plugs. With these facts established, the lapse of time is not of great significance. It is unnecessary to write an opinion detailing the facts shown in the bill of exceptions.

Complaint is made that one of the counsel for the plaintiff below erred to the prejudice of the White Sewing Machine Company in his argument to the jury, and it is strenuously argued that because of the nature of that argument the judgment should be reversed. The argument was based upon evidence which was permitted by the court for the purpose of showing the dangerous character and condition of the plug, and we think, as the evidence was before the court and jury, the comments which were made by counsel thereon did not constitute reversible error. This fact distinguishes the case from what was said by this court in Breyman et v Pennsylvania, Ohio & Detroit R. R. Co., et, 38 Court of Appeals Opinions, Sixth District, unreported, pp. 402, 408, (12 Abs 665). In that case the argument was based upon evidence which had been excluded by the court and went to the extent of stating what that evidence would have shown, if it had been permitted to be introduced. In that case counsel stated that they could show those facts but had not been permitted to do so.

Finding no reversible error, the judgment will be affirmed.

LLOYD and WILLIAMS, JJ, concur.